FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DENNIS PERRI RUBECK,

    Plaintiff - Appellant,

v.

DAVE DIVIS, Sweetwater County
Assessor,

    Defendant - Appellee.

No. 21-8043
(D.C. No. 0:21-CV-00090-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Dennis Perri Rubeck, proceeding pro se, appeals the district court's dismissal

of his tax-protestor suit for lack of subject-matter jurisdiction.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Mr. Rubeck filed this suit under 42 U.S.C. § 1983 against the tax assessor for

Sweetwater County, Wyoming.  He sought injunctive relief—namely, the immediate

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and permanent removal of a home he owns from the Sweetwater County tax rolls. He alleged Sweetwater County lacked authority to assess taxes related to the property in question.

The district court dismissed his suit for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). It said that the Tax Injunction Act, 28 U.S.C. § 1341, barred it from entertaining Mr. Rubeck's claims. It further said that "under the principle of comity, federal courts are barred from granting injunctive or declaratory relief in state tax cases." R. at 37 (citing *Brooks v. Nance*, 801 F.2d 1237, 1241 (10th Cir. 1986)).

## II.    DISCUSSION

We review de novo the district court's dismissal for lack of subject-matter jurisdiction. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 877 (10th Cir. 2017).

Under the Tax Injunction Act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The district court found that Wyo. Stat. Ann. § 39-13-109 provides an adequate remedy for Mr. Rubeck's claims in Wyoming state courts. And Mr. Rubeck does not challenge this dispositive finding on appeal. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotations omitted)).

To the extent Mr. Rubeck argues the Tax Injunction Act does not apply because he asserts a civil rights or federal constitutional challenge to the tax in question, our precedent forecloses this argument. *See Brooks*, 801 F.2d at 1239 ("Basing a complaint upon alleged violation of civil rights . . . or of the Federal Constitution will not avoid the prohibition contained in Section 1341." (internal quotations omitted)).

## III.  CONCLUSION

We affirm the district court's dismissal of Mr. Rubeck's complaint.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge